B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Monica Williamson | **DEFENDANTS**<br>Viewpoint Bank and TRS Recovery Services, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>The Mitchell Law Firm, L.P.<br>12720 Hillcrest Road, Suite 625<br>Dallas, Texas  75230<br>(972)463-8417 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Violation of Automatic Stay - 11 U.S.C. 362(a)
2. Declaratory Judgment - TX Civ. Prac. Rem. C. Chapter 37; 28 U.S.C. Sec. 2201

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[1] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Monica Williamson | BANKRUPTCY CASE NO.<br>15-40102 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Texas | DIVISION OFFICE<br>Sherman || NAME OF JUDGE<br>Rhoades |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gregory W. Mitchell ||||
| DATE<br>March 15, 2015 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gregory W. Mitchell ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet.   When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Gregory W. Mitchell
The Mitchell Law Firm, L.P.
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285

ATTORNEYS FOR DEBTOR MONICA WILLIAMSON

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MONICA WILLIAMSON** | § | CASE NO. 15-40102-7 |
| | § | |
| *Debtor*. | § | Chapter 7 |
| | § | |
| **MONICA WILLIAMSON** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Adv. No. _____ |
| | § | |
| **VIEWPOINT BANK and** | § | |
| **TRS RECOVERY SERVICES, INC.** | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Monica Williamson, Debtor in the above entitled and numbered case ("**Williamson**", "**Debtor**", or "**Plaintiff**"), and files this her Original Complaint (the "**Complaint**") asserting causes of action against Viewpoint Bank ("**Viewpoint**") and TRS Recover Services, Inc. ("**TRS**") for Sanctions for Violation of the Automatic Stay, and for associated damages and would respectfully show the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§151, 157(b), 1331, 1332, and 1334 and 11 U.S.C. §105 and 362. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A), (E), and (O).

## II. PARTIES

2. Plaintiff is the debtor in the underlying Chapter 7 bankruptcy case in this matter.

3. Defendant Viewpoint is a Texas financial institution duly organized and existing under the laws of the State of Texas and can be served with summons by serving its registered agent for service of process – Ms. Amanda L. Macfee – at 1309 West 15th Street, Suite 400, Plano, Texas 75075, or wherever she may be found.

4. Defendant TRS is a foreign corporation authorized to do business in the State of Texas and can be served with summons by serving its registered agent for service of process – Corporation Service Co d/b/a CSC – at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. FACTS

5. Debtor's bankruptcy case (the "**Bankruptcy Case**") was filed on January 15, 2015 (the "**Petition Date**").

6. Prior to the Petition Date, Debtor had a bank account with Viewpoint.

7. On January 16, 2015, one day after the Petition Date, Mr. Milton Jones ("**Jones**"), bankruptcy specialist with Viewpoint, informed Ms. Williamson – by way of an e-mail correspondence to undersigned counsel (the "**1-16-2015 Viewpoint Communication**") – that her account had a negative balance in the amount of $164.63 that would be charged off and closed after 52 days of delinquency if nothing further was done. A copy of the 1-16-2015 Viewpoint Communication is attached hereto as **Exhibit A**.[1]

8. On January 29, 2015, Jones once again e-mailed undersigned counsel (the "**1-29-2015 Viewpoint Communication**") – this time informing that the account was now 27 days past due. Curiously, the asserted negative balance increased to $304.63. A copy of the 1-29-2015 Viewpoint Communication is attached hereto as **Exhibit B**.

---

[1] Of particular note in the 1-16-2015 Viewpoint Communication is the reference to "Case #15-40102," clearly revealing that Viewpoint Bank had knowledge of Plaintiff's bankruptcy filing.

9. Despite clear knowledge of the bankruptcy filing, Viewpoint forwarded Debtor's account to a collection agency – Defendant TRS.

10. Despite the clear knowledge of Viewpoint of the bankruptcy filing, TRS – acting as Viewpoint's agent – sent the collection notice attached hereto as **Exhibit C**.

11. As a result of the filing of the Bankruptcy Case, an automatic stay was imposed,[2] prohibiting, among other things:

> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
>
> . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.
>
> . . . [3]

## IV.  COUNT ONE:  VIOLATION OF THE AUTOMATIC STAY

12. The facts as described in the paragraphs above are hereby incorporated by reference as if fully set forth herein.

13. The automatic stay of 11 U.S.C. § 362(a) (the "**stay**" or the "**automatic stay**") goes into effect upon the filing of a bankruptcy case.[4]

14. The stay is broad and is applicable to all entities.[5]  The automatic stay is designed to ensure the orderly distribution of assets by temporarily protecting the property of a debtor's estate from the reach of creditors.[6]

15. The purpose of the stay is to give the debtor "breathing room" so that the debtor and the bankruptcy court can effect an organized reorganization.[7]  This protects creditors as well as debtors, because it allows for the equitable disbursement of estate property among creditors.[8]

---

[2] *See* 11 U.S.C. §362(a).

[3] *Id.*

[4] 11 U.S.C. § 362(a).

[5] 11 U.S.C. § 362(a)("a petition filed under … this title … operates as a stay, applicable to all entities").

[6] *In re Chestnut*, 422 F.3d 298, 300 (5th Cir.2005)("The Bankruptcy Code's automatic stay is designed to ensure the orderly distribution of assets by temporarily protecting the property of the debtor's estate from the reach of creditors.").

[7] *Id.,* at 301 ("The automatic stay prevents such a scramble by providing "breathing room" for a debtor and the bankruptcy court to institute an organized repayment plan. ").

[8] *Id.* ("The automatic stay is designed to protect creditors as well as debtors … It allows for the equitable disbursement of estate property among creditors … The purposes of the bankruptcy stay under 11 U.S.C. § 362 . . . [include] `further[ing] equity of distribution among the creditors by

Without the stay, there would be a mad scramble by creditors to obtain as much property from the debtor's limited estate as possible.[9]

16.     11 U.S.C. § 362(a) cuts a broad swath, and the automatic stay has an expansive application.[10] The stay even applies to assets to which a debtor has only an **arguable** claim of right, and the Fifth Circuit favors a presumption that property is protected by the stay.[11]

17.     A creditor must seek relief from the automatic stay from the Bankruptcy Court **first** before it exercises or attempts to exercise any control over the property of the estate or to exercise any right of termination under a contract.[12]

18.     Debtor is entitled to damages incurred as a result of Defendant's violation of the automatic stay.

## V. COUNT TWO: DECLARATORY RELIEF

19.     The facts as described in the paragraphs above are hereby incorporated by reference as if fully set forth herein.

20.     Pursuant to the Texas and/or Federal Declaratory Judgment act, Plaintiff requests the Court issue a declaratory judgment that the collection efforts of the Defendants constitute an unlawful violation of the Bankruptcy Court's automatic stay.

## VI. COUNT FOUR: ATTORNEY'S FEES

---

forestalling a race to the courthouse."); *In re Mirant Corporation*, 440 F.3d 238, 251 (5th Cir. 2006)("Sweeping all of the debtor's property into the bankruptcy estate created at filing is the means by which the Code achieves effective and equitable bankruptcy administration. Only through a comprehensive administration of the debtor's property, wherever located and by whomever controlled, can the court shield the property from creditors' unauthorized grasp; prevent harassment of debtors; and ultimately ensure equal distribution among creditors.").

[9] *In re Chestnut*, 422 F.3d 298, 301 (5th Cir.2005)("Without the stay, creditors might scramble to obtain as much property of the debtor's limited estate as possible.").

[10] See all the provisions under 11 U.S.C. § 362(a); *In re Mirant Corporation*, 440 F.3d 238, 251 (5th Cir. 2006)("Furthermore, this Court has recognized the automatic stay's broad application and noted that such breadth reflects a congressional intent that courts will presume protection of property when faced with uncertainty or ambiguity."); *In re Chestnut*, 422 F.3d 298, 303 (5th Cir.2005)("First, the automatic stay has broad application.").

[11] *In re Mirant Corporation*, 440 F.3d 238, 251 (5th Cir. 2006)("Furthermore, this Court has recognized the automatic stay's broad application and noted that such breadth reflects a congressional intent that courts will presume protection of property when faced with uncertainty or ambiguity."); *In re Chestnut*, 422 F.3d 298, 300 (5th Cir.2005)("Here, we face the question whether the creditor violates the stay if, without permission of the bankruptcy court, he forecloses on an asset to which the debtor has only an arguable claim of right (hereafter, "arguable property"). We answer in the affirmative"); *Id.* at 303 ("This breadth suggests Congressional intent that, in the face of uncertainty or ambiguity, courts should presume protection of arguable property.").

[12] *In re Mirant Corporation*, 440 F.3d 238, 252 (5th Cir. 2006)("Here, Mirant's interest in the Agreement, even if it were ultimately terminable, became property of the estate upon Mirant's filing on July 14, 2003. Accordingly, the Agreement was subject to review by the bankruptcy court, and a party with an interest in an executory contract or lease must come before the bankruptcy court to move for a modification or lift of the stay under § 362(d) in order to effect the terms of an ipso facto clause under § 365(e)(2)(A)."); *Id.* ("Moreover, on this record, the interplay of the Bankruptcy Code and the Anti-Assignment Act in particular comports with the conclusion that the automatic stay must precede any termination permitted by an ipso facto clause and § 365(e)(2)(A)."); *Id.* ("Thus, the Act does not provide for automatic rescission of the public contract upon transfer; annulment of the contract at issue requires a response by the United States. The Anti-Assignment Act, and its effect on a given executory contract, may be raised by the government after the entry of a bankruptcy court's automatic stay under, at a minimum, the provision for stay modification … Accordingly, the automatic stay prohibited BPA from terminating the Agreement.").

21. The facts as described in the paragraphs above are hereby incorporated by reference as if fully set forth herein.

22. As a result of the conduct of Defendants, Plaintiff was forced to pay the undersigned attorneys reasonable attorney's fees to assert her rights.

23. Pursuant to Section 37.009 and of the Texas Civil Practice and Remedies Code and/or 28 U.S.C. §2202, Plaintiff is entitled to and respectfully seeks the recovery of her reasonable attorney's fees and costs in bringing this cause of action.

24. Plaintiff is further entitled to recover actual damages, including costs and attorneys' fees for a willful violation of the automatic stay under §362(k) of the Bankruptcy Code.

25. Section 362(k)(1) further authorizes the awarding of punitive damages, which Plaintiff asserts is appropriate based on the willful conduct of the Defendants.

26. The conduct of Defendants in this matter is willful in that, despite having clear knowledge of the filing of Plaintiff's bankruptcy petition, Defendant ignored the prohibitions of the automatic stay and continued collection efforts against Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court issue summons on Defendants, and upon trial of this matter, enter judgment for Plaintiff as follows:

(1) Granting declaratory relief as requested herein;
(2) Awarding damages to Plaintiff resulting from Defendants' conduct in continuing collection efforts despite the existence of the automatic stay;
(3) Awarding Plaintiff attorneys fees incurred in pursuing this adversary proceeding; and
(4) Granting Plaintiff such other and further relief to which the Plaintiff may be entitled.

**DATED this 15th day of March, 2015.**

Respectfully Submitted,

**THE MITCHELL LAW FIRM, L.P.**

**/s/ Gregory W. Mitchell**
Gregory W. Mitchell
State Bar No. 00791285
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
(972) 463-8417 – Phone
(972) 432-7540 – Facsimile
ATTORNEY FOR PLAINTIFF